The Honorable Mike Wilson State Representative P.O. Box 5269 Jacksonville, AR 72076
Dear Representative Wilson:
This is in response to your request for an opinion on whether the City of Walnut Ridge may lawfully enter into a contract for a wastewater treatment system without taking competitive bids.
The contract in question proposes to provide a package, or "turnkey," contract for the design, construction and operation of a wastewater treatment system for Walnut Ridge for a price of $2,600,000. The specific services to be provided include engineering, construction, equipment and operational services. It is my understanding that a water and sewer committee has been appointed by the city council for Walnut Ridge. It is also my understanding that the project is to be financed by revenue bonds issued pursuant to A.C.A. §§ 14-234-201 -218 (1987 Cum. Supp. 1991) and 14-235-201—224 (1987 Cum. Supp. 1991). Attached to your request is a letter from the Walnut Ridge City Attorney, expressing the opinion that competitive bids should be taken for such a project, and letters from several other attorneys who are of the opinion that competitive bids would not be required.
As an initial matter, it must be noted that this opinion does not, nor should it be construed to address the specific contract referenced in your question. The opinion responds to the general question raised in your request, and presents a general discussion of the relevant areas of law. The construction of a contract is not properly within the scope of an Attorney General opinion. This opinion therefore draws no conclusions concerning any specific contract.
It is my opinion that the municipality is required to solicit bids for such a contract pursuant to A.C.A. § 22-9-203 (Cum. Supp. 1991). This section states in pertinent part that:
 (a) No contract providing for the making of major repairs or alterations, for the erection of buildings or other structures, or for making other permanent improvements shall be entered into by . . . any . . . municipality . . . with any contractor in those instances where all estimated costs of the work shall exceed the sum of ten thousand dollars ($10,000) for . . . municipalities. . . . [This sum] shall not be exceeded unless the taxing unit shall have first published notice of its intention to receive bids therefor one (1) time each week for not less than two (2) consecutive weeks in a newspaper of general circulation published in the county in which the proposed improvements are to be made or in a trade journal reaching the construction industry.
* * *
 (d) On the date and time fixed in the notice, the board, commission, officer, or other authority in which or in whom authority is vested to award contracts, shall open and compare bids and thereafter award the contract to the lowest responsible bidder, but only if it is the opinion of the authority that the best interests of the taxing unit would be served thereby.
Section 22-9-203 does not contain a provision authorizing the governing body to waive the requirements of competitive bidding. The section applies to contracts for "making of major repairs or alterations, for the erection of buildings or other structures, or for making other permanent improvements." A.C.A. §22-9-203(a). It is my understanding that the contract in question involves a package proposal encompassing design, construction and maintenance services. It is also my understanding that the scope of the work is contemplated to include, inter alia, a 20 by 70 foot masonry building with electric hook-ups and office and storage facilities; concrete clarifiers; a concrete influent splitter box; a new pump station; and a Biolac system which will include a mechanical bar screen, blowers, central control panel, air header system and clarifier components. See Exhibit A to Master Agreement, at 1-3.
Section 22-9-203 would appear to address this type of proposal, as its provisions encompass major repairs, alterations, the erection of buildings or other structures, and other permanent improvements.
Conway Corporation v. Construction Engineers, Inc.,300 Ark. 225, 782 S.W.2d 36 (1989), dealt with interpretation of §22-9-203. Like the project in the present situation, that case pertained to the expansion of the city's water treatment plant. The Conway utility wished to award a bid to a contractor who was not the lowest bidder on the project. After the bid was awarded, the low bidder brought an action, alleging that its bid was wrongfully rejected. The lower court found that the bid was wrongfully rejected, but the Arkansas Supreme Court reversed. The Court relied upon § 22-9-203 as support for its finding that the municipal authority need not accept the lowest bid if, in the opinion of the authority, the best interests of the taxing unit would not be served by the acceptance of the low bid. Thus, while competitive bids are still clearly required under the section, this decision made clear that an authority would not be bound to accept the lowest bid offered.
Section 22-9-203 was originally enacted by Act 159 of 1949 and was later amended by Act 370 of 1977. The emergency clause to Act 370 provided that the provisions of § 22-9-204, a bidder preference provision for Arkansas licensed subcontractors, would not apply to projects designed to provide utility needs of a municipality or county. Those projects included, but were not limited to, pipeline installation, water lines, water channelization, sewage and water works. Section 22-9-201(b) also contains similar language. To the extent § 22-9-203 is considered ambiguous, the emergency clause may be referenced in order to resolve any ambiguity. See generally Heath v. WestarkPoultry Processing Corp., 259 Ark. 141, 531 S.W.2d 953 (1976). The emergency clause to Act 370 of 1977 and the language of §22-9-201(b) evidence legislative intent that sewage and waterworks would otherwise be covered by the competitive bid requirements of § 22-9-203.
It should also be noted that A.C.A. §§ 14-235-201 -224 (1987 
Cum. Supp. 1991), the authority for the bond issues utilized to finance the project, have a separate bid requirement as well. Section 14-235-207(a)(4)(A) provides that, in those cities where a committee has been appointed by the city council to supervise the "construction, acquisition, improvement . . . and operation . . . of . . . the collection, treatment, or disposal of sewage" pursuant to A.C.A. § 14-235-206, no contract with any contractor for labor or material exceeding the sum of ten thousand dollars ($10,000) shall be made without advertising for bids. As noted previously, it is my understanding that the City Council of Walnut Ridge has appointed such a committee. The above provisions thus further support the conclusion that competitive bids should be let for a contract such as that proposed for the City of Walnut Ridge for its wastewater treatment system.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh